**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2916
_____

JOSEPH W. PILCHESKY,
                              Appellant

v.

MAGGIE BARONE, Deputy U.S. Marshal;
JOSEPH BROZOWSKI, Deputy U.S. Marshal;
ROBERT LENAHAN, Deputy U.S. Marshal

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-00381)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2018
Before: SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: April 12, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Pro se appellant Joseph W. Pilchesky appeals from the District Court's order

granting summary judgment in favor of the defendants, a group of Deputy United States

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Marshals ("Deputy Marshals"), who allegedly violated his Fourth Amendment right to be free from unlawful search and seizure when they attempted to execute an arrest warrant at his home. For the reasons discussed below, we will affirm.

On December 19, 2013, the Lackawanna County Court of Common Pleas issued an arrest warrant to the Pennsylvania Office of Attorney General for the arrest of Stephanie Tarapchak ("Dr. Tarapchak"), a doctor charged with several criminal offenses, including drug delivery resulting in death. On December 30, 2013, the Pennsylvania Office of Attorney General sought and received the assistance of the United States Marshal's Service in the Middle District of Pennsylvania in locating and apprehending Dr. Tarapchak.

That same day, the Deputy Marshals assigned to execute the arrest warrant discovered, through information received from the Pennsylvania Office of Attorney General, as well as from Alex Tarapchak ("Mr. Tarapchak"), the ex-husband of Dr. Tarapchak, that Dr. Tarapchak was involved in a relationship with Pilchesky and that she resided with him at his home on Sunset Street in Scranton, PA (the "Sunset Street Residence") at least fifty percent of the time. Mr. Tarapchak also indicated that he had recently spoken to his and Dr. Tarapchak's older daughter and that she told him that she and her mother would be at the Sunset Street Residence that day. In addition, neighbors told the Deputy Marshals that Dr. Tarapchak and her daughter had arrived together at the Sunset Street Residence early that morning.

---

constitute binding precedent.

2

The Deputy Marshals then arrived at the Sunset Street Residence to execute the warrant for the arrest of Dr. Tarapchak. Although they received no response when they knocked on the door, they observed that the lights were on and heard movement inside the house. The Tarapchaks' older daughter eventually opened the rear door, but she did not let the Deputy Marshals in the house. The Deputy Marshals returned to the front of the house, where they encountered the Tarapchaks' younger daughter and her father, Mr. Tarapchak, who had arrived at the house after the Deputy Marshals. The younger daughter told the Deputy Marshals that her sister "would not give [their mother] up." But the older sister, after she spoke with her father and the Deputy Marshals, opened the rear door and allowed the Deputy Marshals into the home to execute the warrant. The Deputy Marshals then searched the home for twenty minutes and left without finding or arresting Dr. Tarapchak.

In March 2015, Pilchesky filed his initial complaint in the District Court. He brought, as relevant here, a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the Deputy Marshals violated his Fourth Amendment right to be free from unreasonable search and seizure when they entered his home without a search warrant.[1] The parties filed cross-motions for summary judgment. The District Court denied Pilchesky's motion and granted the

---

[1] Pilchesky raised an equal protection claim that the District Court dismissed in an order dated March 22, 2016. He has not challenged this order on appeal, and we therefore will not review it. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

Deputy Marshals', concluding, inter alia, that they had lawfully entered the Sunset Street Residence.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review, and apply the same standard as the District Court to determine whether summary judgment was appropriate. State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009).

It is well-settled that "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Payton v. New York, 445 U.S. 573, 603 (1980). In order to "assess the constitutionality of an officer's entry into a home to execute an arrest warrant," we employ "a two-prong test that extends to residency: the officer must have a 'reasonable belief' that (1) the arrestee resides at the dwelling, and (2) the arrestee is present at the time of the entry." United States v. Vasquez-Algarin, 821 F.3d 467, 473 (3d Cir. 2016) (quoting United States v. Veal, 453 F.3d 164, 167 (3d Cir. 2006)). We recently "defined the reasonable belief standard as equivalent to probable cause." Id. at 480. In order "to make a probable cause determination, we must consider the 'totality of the circumstances,' which, in the context of second-hand information, encompasses considerations such as the basis and reliability of the information and the receiving officer's ability to corroborate its content." Id. (citations omitted).

Based on the totality of the circumstances, the defendants had probable cause to believe that on December 30, 2013, Dr. Tarapchak both resided with Pilchesky at the

4

Sunset Street Residence and was actually in the home when they attempted to apprehend her pursuant to the arrest warrant. As to the issue of residence, the Deputy Marshals – like the law enforcement agent in Vasquez-Algarin, who lacked probable cause to believe that the subject of the arrest warrant resided in the house that he entered – also relied upon unspecified information from a different law enforcement agency. But unlike the law enforcement officer in Vasquez-Algarin – who additionally relied upon non-specific information from unnamed confidential informants – the Deputy Marshals here relied on information from Mr. Tarapchak who, as Dr. Tarapchak's former husband and the father of her minor children, would have reason to know where she lived. Accordingly, under the circumstances present here, we conclude that the Deputy Marshals had probable cause to believe that Dr. Tarapchak resided at the Sunset Street Residence.

The Deputy Marshals also had probable cause to believe that Dr. Tarapchak was present at the Sunset Street Residence when they entered it. Relevant here, Mr. Tarapchak indicated that he had recently spoken to his and Dr. Tarapchak's older daughter and that she told him that she and her mother would be at the Sunset Street Residence that day. Moreover, neighbors told the Deputy Marshals that the Tarapchaks' older daughter and Dr. Tarapchak had arrived at the Sunset Street residence early that morning. And when the Deputy Marshals arrived at the Sunset Street Residence, there were noises coming from inside the house, and the younger daughter subsequently told them that the older daughter "would not give [their mother] up."

We therefore conclude that the information available to the defendants provided probable cause to believe that Dr. Tarapchak resided in the home and was located inside the residence on the day of the search. As the search of the Sunset Street Residence was valid under the Fourth Amendment, we will affirm the District Court's judgment.